**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

SHERRI L. CECE,

      Plaintiff,

-v-

CONTINENTAL AMERICAN INSURANCE COMPANY
a foreign profit corporation.

      Defendant.
_____/

Case No.: 2023-23-02815-GC

Hon. Michael K. McNally

[33rd District Court, Michigan State Court Case No. 2023-23-02815-GC]

Stephen L. Witenoff
Sullivan, Ward, Patton, Gleeson & Felty, P.C.
Attorney for Defendant
400 Galleria Officentre, Suite 500
Southfield, Michigan 48034
(248) 746-2744
switenoff@sullivanwardlaw.com
_____/

## NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

TO THE DISTRICT COURT OF THE UNITED STATES, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant CONTINENTAL AMERICAN INSURANCE COMPANY ("CAIC") hereby removes the above-captioned civil action from 33rd District Court, State of Michigan to the United States District Court for the Eastern District Of Michigan, based upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

This removal is based on the following grounds:

**I.      TIMELINESS**

1. On October 5, 2023, Plaintiff SHERRI L. CECE ("Plaintiff") commenced this action by filing a Complaint (hereafter "Complaint") in the 33rd District Court, State of Michigan, Case No. 2023-23-02815-GC. CAIC was named as the sole defendant.

2. Plaintiff served CAIC with a copy of the Summons and Complaint on October 20, 2023. True and correct copies of the Summons, Complaint, and all other pleadings and orders served on CAIC are attached hereto as **Exhibit A**.

3. Removal is timely pursuant to 28 U.S.C. § 1446(b)(2) because CAIC filed this Notice of Removal within 30 days of being served with the Summons and Complaint.

**II.     FEDERAL QUESTION JURISDICTION**

4. This action is being removed to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

5. This lawsuit is one of a civil nature over which the United States District Court has original jurisdiction. Specifically, Plaintiff seeks to recover critical illness insurance benefits and enforce rights under the terms of an employee welfare benefit plan sponsored by her employer United Airlines, Inc. ("United Airlines") (the "plan") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq. See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) (affirming that Plaintiff's causes of action for common-law contract and tort claims were preempted by ERISA because they fell within the provision establishing exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from covered plan).

6. CAIC insures critical illness insurance benefits under the plan pursuant to the terms of a group insurance policy identified as Group Policy No. 6722 ("the Policy") issued by CAIC to United Airlines for the benefit of its employees, pursuant to which CAIC issued Certificate Number 616304483 to Plaintiff ("the Certificate"). A copy of the Policy and the Certificate are attached hereto as **Exhibit B**.

7. Plaintiff submitted a claim for Critical Illness Benefits for her husband, Dennis Cece, covered under the Policy. (Complaint ¶ 13). Plaintiff alleges that CAIC paid some, but not all, of the benefits sought by Plaintiff pursuant to the policy. (Complaint ¶¶ 19-35) Plaintiff further alleges that CAIC breached a contract of insurance between Defendant and Plaintiff by not providing benefits, which resulted in injury to Plaintiff. (Complaint ¶¶ 42-44) Plaintiff's Complaint further alleges that as a result of Defendant's breach of contract, Plaintiff is entitled to damages which include, but are not limited to, the insurance benefits that were not paid to Plaintiff. (Complaint ¶¶ 55-58)

8. 29 U.S.C. § 1003(a) provides that ERISA "shall apply to any employee benefit plan if it is established or maintained – (1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). CAIC alleges that the Plan was an "employee benefit plan" established or maintained by an employer engaged in commerce or in an industry or activity affecting commerce, i.e. United Airlines. CAIC alleges that the Plan at issue is not excluded from ERISA coverage under the provisions of 29 U.S.C. § 1003(b).

9. 29 U.S.C. § 1002(1) defines "employee welfare benefit plan" and "welfare plan" as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained **by an employer**…for the purpose of providing for its **participants** or their beneficiaries, through the purchase of insurance or otherwise, (A) **medical, surgical, or hospital care or benefits**, or benefits in the event of sickness, accident, disability, death or unemployment…
> 29 U.S.C. § 1002(1) (emphasis added).

10. 29 U.S.C. § 1002(5) defines the term "employer" as:

> [A]ny person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.
> 29 U.S.C. § 1002(5).

11. 29 U.S.C. § 1002(7) defines the term "participant" as:

> [A]ny employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer…or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7) (emphasis added).

12. Based on the foregoing, CAIC alleges that Plaintiff's claims are governed by ERISA because the benefits which Plaintiff seeks in this action were to be provided, if at all, to a "participant" (the employee Plaintiff) by an "employer" (United Airlines) under a "benefit plan" (CAIC Policy 6722) within the meaning of ERISA.

13. As Plaintiff's suit is one to recover disability benefits from the alleged improper failure to pay full disability benefits under an ERISA-governed plan, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, by virtue of the provisions of 28 U.S.C. § 1441(a), this action may be removed to this Court. See *Aetna Health Inc v. Davila*, 542 U.S. 200, 207 (2004) ("Under the removal statute, 'any civil action in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court."); *Arana v. Ochsner Health Plan* 338 F.3d 433,440 (5th Cir. 2003) ("Put simply, there is complete preemption jurisdiction over a claim that seeks relief "within the scope of civil enforcement provisions of § 502(a). *Metro Life Ins. Co.* 481 U.S. at 66, 107 S.Ct. 1542.") Pursuant to 29 U.S.C. §§ 1132 (e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. Accordingly, by virtue of the provisions of 28 U.S.C. § 1441(a), this action may be removed to this Court.

**III.   NOTICE**

27. Proper notice will be given to Plaintiff through her counsel of record, and to the Clerk of the Court for the 33rd District, State of Michigan. A true and correct copy of the Notice is attached hereto as **Exhibit C**, and by this reference incorporated as if set forth in full.

29. Should Plaintiff seek to remand this case to state court, CAIC respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, CAIC respectfully requests that the Court retain jurisdiction to allow CAIC to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, CAIC prays that this matter pending in the 33rd District Court, State of Michigan be removed to this Honorable Court.

                                                Respectfully submitted,

                                                */s/ Stephen L. Witenoff*
                                                Stephen L. Witenoff (P29815)
                                                Sullivan, Ward, Patton, Gleeson & Felty, P.C.
                                                Attorney for Defendant
                                                400 Galleria Officentre, Suite 500
                                                Southfield, Michigan 48034
                                                (248) 746-2744
Dated: November 20, 2023                switenoff@sullivanwardlaw.com

## CERTIFICATE OF SERVICE

I, Stephen L. Witenoff, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served upon the following through the Court's ECF system on this 20th day of November 2023:

        Eugene Ferguson Jr.
        Gene Ferguson Family Lawyer PLLC
        *Attorney for Plaintiff*
        3253 West Road
        Trenton, Michigan 48183
        (734) 775-6656
        fergusonfamilylaw@gmail.com

                                                  */s/ Stephen L. Witenoff*
                                                  Stephen L. Witenoff